IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:13cr20/MCR/EMT
 3:16cv325/MCR/EMT

WALTER KEITH GOTHARD
_____

# REPORT AND RECOMMENDATION

Defendant Walter Keith Gothard has filed an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 42). The case was stayed pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (*see* ECF Nos. 44, 45, 47, 48). After the *Beckles* decision issued, the Government filed a response in opposition (ECF No. 51). Defendant filed a reply (ECF No. 53). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion should be denied and dismissed as untimely.

## BACKGROUND and ANALYSIS

In April of 2013, Defendant pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (ECF Nos. 22,

26).   The court determined that Defendant was eligible for a sentencing enhancement under United States Sentencing Guideline § 2K2.1(a), after adopting the findings of the Presentence Investigation Report ("PSR"), which included a prior conviction for felony battery resulting in great bodily harm (ECF No. 33, PSR ¶¶ 14, 36).   Therefore, the base offense level was 20, and Defendant received a four-level enhancement due to his using or possessing a firearm in connection with another felony offense, namely, the distribution of illegal narcotics (PSR ¶ 15).   Following a three-level reduction for acceptance of responsibility, the PSR calculated a Guideline range of 77 to 96 months' imprisonment based on a total offense level of 21 and a criminal history category of VI (PSR ¶¶ 20, 81).   On July 19, 2013, the court sentenced Defendant to 84 months' imprisonment, to run consecutively with a State of Florida sentence Defendant was serving and to run concurrently with two pending Florida cases, followed by three years of supervised release (ECF Nos. 35, 36).   Defendant did not file an appeal.   Because Defendant did not appeal, his judgment of conviction became final on the date on which his time for doing so expired, fourteen days from the entry of judgment in this case.   *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *see Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Ramirez v. United States*, 146 F. App'x 325 (11th Cir. 2005).


Defendant's judgment of conviction became final on August 2, 2013, and to have been timely filed, his § 2255 motion had to be filed no later than one year from that date, or by Monday, August 4, 2014. Therefore, Defendant's amended motion dated July 15, 2016, and received by the clerk on July 21, 2016, is facially untimely.[1]

In his motion, Defendant raises four claims in which he argues that he is entitled to a sentence reduction because his prior conviction for battery is no longer a predicate "crime of violence" offense after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 42 at 15-17). While each ground is captioned differently, the argument in each is essentially the same. The Government responds that Defendant's motion is untimely and that *Johnson* does not apply to Defendant's sentence (ECF No. 51 at 3-5).

---

[1] Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Case Nos.: 3:13cr20/MCR/EMT; 3:16cv325/MCR/EMT

The court will address Defendant's motion to the extent necessary to explain why *Johnson* does not make his motion timely. In *Johnson*, the Supreme Court ruled that the Armed Career Criminal Act's ("ACCA") "residual clause" was unconstitutionally vague. Under the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the elements clause*] or (ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. Additionally, the Supreme Court has held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016).

Case Nos.: 3:13cr20/MCR/EMT; 3:16cv325/MCR/EMT

The record reflects that Defendant was not sentenced under the ACCA; therefore, *Johnson* does not apply to his sentence and can afford him no relief. Additionally, the Supreme Court has settled the question of whether *Johnson* should extend to and invalidate the residual clause of the advisory Guidelines' definition of a "crime of violence." *See* U.S.S.G. § 4B1.2(a). In *Beckles*, *supra*, the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range (*see* ECF No. 51 at 5 (citing *Beckles*, 137 S. Ct. at 892)). The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated the "twin concerns underlying vagueness doctrine— providing notice and preventing arbitrary enforcement." *Beckles*, 137 S. Ct. at 894. Accordingly, as to Guidelines' calculations, no due process challenge will lie. *See also United States v. Matchett*, 802 F.3d 1185, 1194–96 (11th Cir. 2015) (holding that the Sentencing Guidelines cannot be challenged as unconstitutionally vague).[2]

---

2 As previously noted, Defendant's base offense level was set at 20, pursuant to USSG § 2K2.1(a)(4)(A), because he had a prior felony conviction for a "crime of violence." It matters not that his sentence was enhanced under this section, and not under § 4B1.2, in light of the rationale behind the Court's decision in *Beckles*.

## CONCLUSION

Because Defendant's conviction became final in 2013 and *Johnson* does not apply to his sentence, his motion is untimely under § 2255(f)(1) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant Gothard's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 42) be **DENIED** to the extent he seeks relief based on the Supreme Court's decision in *Johnson* and otherwise **DISMISSED as untimely**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of September 2017.

/s/ *Elizabeth M.Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:13cr20/MCR/EMT; 3:16cv325/MCR/EMT